IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE COUNTY AIRPORT AUTHORITY
and DELTA AIR LINES, INC.,

        Case No. 11-15597

    Plaintiffs,    Hon. Lawrence P. Zatkoff

v.

JOHNSON CONTROLS, INC., KLEEN-TECH
SERVICES CORPORATION and THE
PHOENIX INSURANCE COMPANY,

    Defendants.
_____/

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S APRIL 26, 2013, ORDER
GRANTING DEFENDANT JOHNSON CONTROLS, INC.'S
MOTION FOR PROTECTIVE ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Plaintiffs' Objections to Magistrate Judge's Order [dkt 127] granting Defendant Johnson Controls, Inc.'s Motion for Protective Order [dkt 144]. Defendant Johnson Controls, Inc. ("Defendant JCI") filed a response to Plaintiffs' objections [dkt 153] and Plaintiffs filed a reply [dkt 158]. For the reasons that follow, the Court AFFIRMS Magistrate Judge Whalen's April 26, 2013, Order.[1]

**II. BACKGROUND**

Plaintiffs Wayne County Airport Authority ("Plaintiff WCAA") and Delta Air Lines, Inc. ("Plaintiff Delta") filed this declaratory judgment action with the Court against Defendant JCI, Defendant Kleen-Tech Services Corp. ("Defendant Kleen-Tech"), and Defendant The Phoenix Insurance Company ("Defendant Phoenix Insurance"). Plaintiffs claim that Defendants have a

---

[1] Magistrate Judge Whalen's rulings made from the bench during the April 23, 2013, hearing regarding Defendant JCI's motion for a protective order were incorporated by reference into the April 26, 2013, Order.

duty to defend (*i.e.*, accept Plaintiffs' tenders of defense) and indemnify Plaintiffs in *Brown v. Kleen-Tech Services Corp.*, No. 11-14800 (E.D. Mich. October 31, 2011)—a case currently pending before the Court—pursuant to service contracts entered between the parties.

On February 19, 2013, Defendant JCI filed a motion for a protective order requesting that the Court quash Plaintiffs' deposition notice to Gerald Harmon ("Harmon"), one of Defendant JCI's national counsel. The motion was referred to Magistrate Judge Whalen ("Magistrate Whalen"). Following a hearing on April 23, 2013, Magistrate Whalen granted the motion. The parties are presently before the Court on Plaintiffs' objections to Magistrate Whalen's Order.

### III. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only

2

conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

## IV. ANALYSIS

Defendant JCI's motion for a protective order is grounded on several fronts. Defendant JCI argues: (1) that Plaintiffs are unable to satisfy the heightened *Shelton*[2] standard required to depose an attorney; (2) that much of the information desired from Harmon is privileged; (3) that the non-privileged testimony Harmon could provide would be cumulative of information currently in Plaintiffs' possession; and (4) that nothing Harmon provides is critical to Plaintiffs' trial preparation.

On the other hand, Plaintiffs claim that "over the past several months the [D]efendants [JCI and Phoenix Insurance] have taken to defending the case by inexplicably claiming to take issue with [Plaintiff] WCAA and [Plaintiff] Delta's tenders, in spite of the correspondence among Plaintiffs' counsel, Harmon and [Kelly] Rogers . . . ."[3] In fact, Plaintiffs state, Defendants JCI and Phoenix Insurance have repeatedly denied during discovery that Plaintiff

---

[2] When confronted with the propriety of deposing attorneys, the Sixth Circuit has expressly adopted the test derived from *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

[3] Kelly Rogers ("Rogers") is a claims adjuster working for Phoenix Insurance, and who is directly involved with the tender issues in this case.

3

Delta ever tendered its defense in the underlying slip-and-fall action to Defendant JCI. These "ridiculous" fact contentions have necessitated the taking of Harmon's deposition because, the argument goes, Harmon's deposition testimony "relating exclusively to emails, correspondence and verbal communications between [Plaintiffs' counsel, Harmon, and Rogers]" will directly contradict the false assertions made by Defendants JCI and Phoenix Insurance throughout discovery. In other words, Plaintiffs are of the impression that Harmon's deposition testimony will reveal that Plaintiffs have, in fact, tendered their defense to Defendants JCI and Phoenix Insurance, notwithstanding Defendants JCI and Phoenix Insurance's recent assertions to the contrary.

Within that framework, Plaintiffs argue in the instant objections— much as they did in opposition to Defendant JCI's motion for a protective order—that: (1) Harmon is the sole source from which to obtain the necessary information at issue; (2) Plaintiffs have confirmed that the scope of Harmon's testimony will be relevant and extremely limited so as to not delve into privileged information; and (3) Harmon's limited testimony is indispensible to the preparation of Plaintiffs' case. Relatedly, Plaintiffs also contend that Magistrate Whalen failed to "address the case law cited and attached to Plaintiffs' response brief" and that his ruling contravenes "prevailing case law on this issue in the Sixth Circuit." The Court finds Plaintiffs' arguments unconvincing and affirms Magistrate Whalen's ruling quashing Harmon's deposition notice.

Initially, because Harmon is an attorney, the Court considers certain factors when deciding whether or not to allow his deposition to go forward. These factors are collectively referred to as the *Shelton* test, which provides as follows: "Discovery from an opposing counsel 'is limited to where the party seeking to take the deposition has shown that that (1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and

4

nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide*, 278 F.3d at 628 (quoting *Shelton*, 805 F.2d at 1327). Thus, Harmon's deposition can be taken only within the confines of the *Shelton* test.

The crux of Magistrate Whalen's findings focused on his determination that the information sought by Plaintiffs—the substance of Harmon's communications with Plaintiffs' counsel and Rogers—could likely be obtained through "other means." Although concluding that these communications were relevant, Magistrate Whalen was not convinced that Plaintiffs could satisfy the first factor under the *Shelton* test. This Court agrees.

First, regarding Harmon and Rogers' communications, Magistrate Whalen correctly pointed to Rogers' deposition testimony as a potential source from which Plaintiffs could gather the requested information. Moreover, according to Magistrate Whalen, any information sought involving the specific communications between Plaintiffs' counsel and Harmon should be discovered through "narrowly crafted" interrogatories, which would not only avoid subjecting Harmon to a deposition but would also likely preclude a corresponding deposition of Plaintiffs' counsel. This Court finds Magistrate Whalen's application of the *Shelton* factors to the instant case to be sound and will not disturb his ruling. *See Heights Cmty. Cong.*, 774 F.2d at 140 ("The question is not whether the [magistrate's] finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one."). Therefore, Plaintiffs' objection to Magistrate Whalen's balancing of the *Shelton* factors is unavailing.

Lastly, the Court will briefly address Plaintiffs' arguments (1) that Magistrate Whalen did not adequately consider the case law cited in its response brief to Defendant JCI's motion and (2)

that Magistrate Whalen's conclusion to quash Harmon's deposition notice runs afoul of prevailing Sixth Circuit authority. These arguments are, at best, misplaced.

First, Magistrate Whalen correctly noted that the *Shelton* test is the relevant law within this Circuit. The fact that he applied that test to the *instant* circumstances and arrived at different outcome than the cases cited by Plaintiffs is beside the point. The *Shelton* test is context specific, and based on *this* case's facts, Magistrate Whalen concluded Plaintiffs have not satisfied the first factor under *Shelton*. Such a conclusion—in and of itself—certainly does not mean that Magistrate Whalen's order was "clearly erroneous or contrary to law." Additionally, the cases cited by Plaintiffs are factually distinguishable from the instant case and, more importantly, are not binding on this Court.

In short, Plaintiffs have failed to demonstrate that Magistrate Whalen's Order was "clearly erroneous or contrary to law." As such, this Court adopts Magistrate Whalen's findings to the extent that Plaintiffs failed to provide a satisfactory answer as to why the information they hoped to obtain through Harmon's deposition could not be discovered utilizing "other means."

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Magistrate Whalen's April 26, 2013, Order, granting Defendant JCI's motion for a protective order and quashing Plaintiffs' deposition notice of Harmon is AFFIRMED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
Hon. Lawrence P. Zatkoff<br>
U.S. District Judge

Date: September 9, 2013